582 A.2d 397

**PAUL & PETER'S CHECK CASHING, Petitioner,**

**v.**

**DEPARTMENT OF LABOR AND INDUSTRY, STATE WORKMAN'S INSURANCE FUND and Charles Robinson, Respondents.**

Commonwealth Court of Pennsylvania.

Heard Sept. 28, 1990.

Decided Oct. 1, 1990.

Designated as Opinion to be Reported
Oct. 30, 1990.

374

Geoffrey B. Gompers, Philadelphia, for petitioner.

Charles Robinson, Philadelphia, pro se.

Elaine Lytle Mead, Deputy Chief Counsel, Harrisburg, for respondents, Dept. of Labor & Industry and State Workmen's Ins. Fund.

Frederick W. Andrews, Harrisburg, for intervenor, Bd. of Claims.

CRAIG, President Judge.

The Commonwealth Court here records the disposition of certain matters, in an appeal brought by petition for review from the Board of Claims (board), as follows:

1. Motion to intervene, by the board;
2. Board's motion to quash, or preliminary objections, to obtain dismissal of the proceeding before this court;
3. Motion to dismiss by the Pennsylvania Department of Labor and Industry, State Workman's Insurance Fund (department); and
4. Petition of Paul & Peter's Check Cashing (petitioner) for preliminary relief in appellate matter, under Pa.R. A.P. 1732.

After briefly outlining the history of the case, the court will deal with each of the matters for disposition.

## Background History

A payee of a $3900 check from the State Workman's Insurance Fund cashed the check with petitioner, who paid him the amount of the check less a service charge. The petitioner was unable to have the check honored because the department had stopped payment on it as a consequence of the payee's claim that the check had been lost. The petitioner initiated action against the department and the payee in the local courts of Philadelphia. Because those

courts clearly lack jurisdiction over such a claim against a Commonwealth agency, the petitioner and department agreed to transfer the matter to the Commonwealth Court. This court, on its own initiative, transferred this claim against the state to the Board of Claims.

No party appears to dispute that the Board of Claims has jurisdiction over this matter.

While counsel for the petitioner and department and the board were communicating with respect to the setting of a board hearing, the petitioner and the department entered into an agreement to settle the matter, under which the department would pay the petitioner $3783.94, and the petitioner would execute and deliver a full release.

Although counsel for the parties advised the board of the settlement, a hearing examiner of the board proceeded with a hearing on August 15, 1990, with counsel for the department present in Harrisburg and counsel for the petitioner ultimately brought into the matter by conference telephone.

As indicated below, the board takes the position that, even though the parties in interest have settled and proposed to discontinue a case before the board, the board has the power nevertheless to insist upon a hearing to investigate all potential issues which the board may discern, whether or not the parties have raised any such issues.

On August 16, the Chief Administrative Judge of the board issued a letter addressed to counsel for the petitioner and the department, alleging a lack of legal knowledge and a disrespectful attitude on the part of petitioner's counsel, promising an opinion of the board with respect to the settlement and the allocation of costs or fines for contempt of the board, prohibiting further telephone or written communications from counsel, and concluding with the direction:

> The Commonwealth is directed not to issue a check for payment of settlement arrangements until the board issues its final Opinion.

The letter was signed by the Chief Administrative Judge as such.

The petitioner has treated that interlocutory direction of the board, that the department not proceed with payment of the settlement, as a preliminary injunction, from which the petitioner has appealed to this court.

### Motion to Intervene by Board

The board through counsel has asserted (1) that it is a statutory court, not just an administrative agency, and that (2) it should be permitted to intervene as a *party* in the petitioner's appeal before this court.

Precisely because the board is a statutory court, *Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 163 A.2d 80 (1960), *see Merchants Warehouse Co. v. Gelder,* 349 Pa. 1, 36 A.2d 444 (1944), it cannot intervene as an adversary party in an appeal to this court from its own decision, any more than a common pleas court could intervene in this court as a party.

Indeed, board counsel has cited *Department of Public Welfare v. Shapiro,* 80 Pa.Commonwealth Ct. 182, 471 A.2d 160 (1984), in which this court clearly held that the board is not an administrative agency but is a judicial tribunal, adding

> As such, it has neither authority nor standing to participate as a party in proceedings involving an appeal from a decision that it has made.

80 Pa.Commonwealth Ct. at 184, 471 A.2d at 161.

Board counsel has argued strenuously that the right to intervene is implicit in the statement of the Supreme Court that:

> Like any other tribunal, the Board of Claims has the implicit right to decide every question which occurs in a cause of action over which it has jurisdiction.

*Shovel Transfer and Storage v. Simpson,* 523 Pa. 235, 565 A.2d 1153, 1155 (1989). Of course, that statement clearly refers to the power of the board to decide questions before

it, not to act as an adversary party in an appeal from its decisions.

Board counsel strenuously argues that debatable issues in connection with a settlement, such as the fictitious name registration of the petitioner in this case and potential statutory limitation arguments, are not being addressed by the department and the petitioner, so that the board—perceiving that such issues might be in this case—has a right to come to our court to raise and pursue them. However, like any court, the board has no power to raise non-jurisdictional issues which the parties have not raised and, as noted above, no question of the board's jurisdiction is present.

Moreover, board counsel fails to perceive that the presence of arguable questions is precisely why interested parties commonly enter into settlements of cases. The very purpose of a settlement is to leave, as unresolved, questions which, if litigated, could embroil the parties in a greater expenditure of time and money than the case is worth.

### Question of Power of Board to Investigate and Reject Settlements

■ The statute governing the board, 72 P.S. §§ 4651–1 through 4651–10, empowers the board to arbitrate claims against the Commonwealth arising from contracts, by hearing and determining claims involving $300 or more, 72 P.S. §§ 4651–1, 4651–4. There is no mention of any power to investigate claims when the parties in interest wish to settle and discontinue them.

■ Under 72 P.S. § 4651–10, the board has statutory power to adopt rules and regulations. The board commendably has done so, ruling that procedure before the board "shall be, as nearly as possible, in accordance with 231 Pa.Code (relating to Rules of Civil Procedure)." Thus the board has adopted Pa.R.C.P. No. 229, which expressly allows parties to discontinue cases in the courts, as governed by those rules. The power of parties to settle and discontinue is subject to court approval only where the matter of settlement involves a minor, Pa.R.C.P. No. 2039(a), Pa.R.

C.P. No. 2206(a), an incompetent, Pa.R.C.P. No. 2064, and class actions, Pa.R.C.P. No. 2230(b).

Thus, because none of those exceptional situations are involved here, the board has no power to prevent this settlement or to insist upon hearings or rulings investigating and evaluating a settlement. The board's own regulations, in 4 Pa.Code, appear to recognize this point. In 4 Pa.Code § 121.14, the board's specific rule requires that when the parties agree upon a settlement, the terms of the settlement include an agreement to pay the costs accrued in the case. And 4 Pa.Code § 121.15 merely requires that parties who enter into a settlement must notify the board and within ten days thereafter file a statement describing the settlement. Finally, 4 Pa.Code § 121.16 reads as follows:

### § 121.16. Termination by settlement.

Whenever a proposed settlement is finally concluded, including the payment of costs, the parties shall, within 10 days thereafter, so notify the Board in writing and the Board shall mark its records of the case accordingly.

Nothing in these rules subjects ordinary settlements to board investigation. Indeed, § 121.16 clearly indicates that, upon notice of conclusion of the settlement, the board *shall* mark its records "accordingly," which necessarily means that the board *shall* mark the case as settled.

The board's expertise is well known to this court, including the board's excellent work in complex construction contract cases. Although the board's zeal to scrutinize settlements to a degree beyond that exercisable by courts of record is commendable, the law is that the board does not have the power of an inspector general to raise nonjurisdictional issues which the parties have not raised or to insist upon potentially costly proceedings which the parties are seeking to escape by their settlement.

### *Motion to Quash by the Board*

In view of the principle that the board, as a judicial tribunal, cannot intervene as an adversary party, the

board's motion to quash this appeal requires no consideration or decision. However, this court cannot avoid considering whether or not there is an appellate jurisdictional basis for this matter to be before this court. Of course, Pa.R. A.P. 311(a)(4) allows appeals from interlocutory orders granting injunctions, i.e., preliminary injunction orders.

The petitioner submits that this appeal is an appeal from a preliminary injunction order embodied in the direction, over the signature of the chief judge of the board, that:

The Commonwealth is directed not to issue a check for a payment of settlement arrangements until the Board issues its final Opinion.

The effect of this direction is clearly that of a preliminary injunction—it specifically enjoins the department not to proceed with a certain action pending the board's consideration of the case; its effectiveness extends until the board issues a "final Opinion."

Department counsel acknowledges that the department has regarded itself as duty bound to obey that direction.

Board counsel, while acknowledging that the chief administrative judge meant what he said and that the direction was intended to be binding, contends that it does not constitute an order because it is contained in a letter.

■ Of course, if an injunctive direction is phrased as such but is erroneously not captioned in the form of an order, or perhaps not docketed or properly docketed, those facts may render the direction ineffective. An appeal is allowed from a preliminary injunction precisely to permit an appellate court to rule on whether or not the injunctive direction is legally effective or not.

■ A judicial tribunal cannot, on the one hand, purport to control the actions of parties pending litigation, and, on the other hand, claim that such a controlling command is immune from review because of the format selected by the tribunal.

This court has jurisdiction under Pa.R.A.P. 311(a)(4).

## Settlement of the Appeal and the Case

The parties in interest in this appeal—the petitioner and the department—through their counsel have proposed, in answer to inquiry by this court, to settle the case as previously agreed. Counsel for the department has advised that the department has regarded, and continues to regard, the settlement agreement as lawful, fair, reasonable and in no way constituting a collusive or fraudulent attempt to pay out public funds.

In accordance with the settlement of appeals pioneered particularly by the Superior Court of Pennsylvania, and also by this court in specific cases, the parties in interest are of course authorized to settle the appeal and the case in that manner.

■ Although the parties presented the settlement agreement to the board's hearing examiner with provision for payment of the board's record costs included (in accordance with 4 Pa.Code §§ 121.13–121.16), the hearing examiner raised the possibility of imposing the additional cost of reporting and transcribing the August 15 hearing upon the petitioner, apparently as a sanction for not appearing in person. However, the board's own rule, 4 Pa.Code § 121.13, states:

> (b) The expenses of the Board for reporting and transcribing the proceedings before it may not be considered costs.

Again, respecting the board's own rules, the conclusion must be that there are no additional costs beyond those already encompassed in the settlement agreement.

Accordingly, this court will enter an order, denying the board's motion to intervene, declining to quash, recording that the claim involved in this appeal is being settled in accordance with an agreement of the petitioner and the department, and concluding that the department's motion to dismiss is thereby deemed to be moot and that the claim before the board is held to be disposed of by settlement and discontinuance, subject only to the parties in interest com-

plying with 4 Pa.Code §§ 121.13–121.16 by filing the required written statement and notices with the board, pursuant to which the board shall mark its records of the case, accordingly, as settled and discontinued. Petitioner's Petition for Relief under Pa.R.A.P. 1732 will also be dismissed as moot.

## ORDER

NOW, October 1, 1990, pursuant to telephone conference argument of motions and consideration of briefs and filed papers, it is hereby ORDERED as follows:

1. The Motion of the Board of Claims (Board) to intervene is denied;

2. The Board's motion to quash and/or preliminary objections are accordingly dismissed;

3. This court, being advised by counsel for Petitioner and counsel for the Pennsylvania Department of Labor and Industry and the State Workman's Insurance Fund (Department) that there is and remains in effect an agreement of the parties to settle this appeal and the claim before the Board, and pay the proper costs of the Board—which shall not include any expenses for reporting and transcribing any proceedings—hereby remands this case to the Board with the direction that, when the Petitioner and Department shall have complied with 4 Pa.Code §§ 121.13–121.16 by paying the proper costs of the Board as noted above, and by filing notices and statement under 4 Pa.Code §§ 121.-15, 121.16, then the Board shall thereupon mark the records of this case accordingly, as settled and discontinued.

5. The Department's Motion to Dismiss and Petitioner's Petitions for Relief under Pa.R.A.P. 1732 are dismissed as moot.