635 A.2d 705

**STATE WORKMEN'S INSURANCE FUND, COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, Petitioner,**

**v.**

**CAPARO REAL ESTATE INC. and Caparo New Construction, Inc. and Charles Caparo, individually and t/a Caparo Insurance Agency, Respondents.**

Commonwealth Court of Pennsylvania.

Resubmitted Nov. 10, 1993.

Decided Dec. 21, 1993.

582

Elaine Lytle Mead, Deputy Chief Counsel, for petitioner.
Jeffrey S. Pearson, for respondents.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The State Workmen's Insurance Fund (the "Fund") appeals an order of the court of common pleas of Montgomery County which denied preliminary objections raised by the Fund to a complaint filed by Caparo Real Estate Inc. and Caparo New Construction, Inc. (collectively, "Plaintiffs").

Plaintiffs instituted a civil action against the Fund and Charles Caparo individually and trading as Caparo Insurance Agency (Insurance Agency) by writ of summons on August 8, 1991. The action was initiated after an accident occurred on

September 12, 1989 in which Matthew Giorgio, an employee of the Plaintiffs, sustained a work-related injury resulting in medical and vocational disabilities. Plaintiffs subsequently notified the Fund of the accident and were advised their policy of insurance had lapsed in July of 1988 due to non-payment of the appropriate renewal premium. As a result of this situation, Plaintiffs incurred fees and expenses associated with investigation, defense, and administration of the claim and the payment of workmen's compensation benefits to Giorgio.

Plaintiffs' complaint contains various allegations as to the Fund which are set forth in Counts I, II, III, and VII.[1] Specifically, in Count I Plaintiffs allege that the Fund had a legal duty to notify them of any lapse of the policy, cancellation of the policy, or necessity to pay premiums for continuing coverage of the policy. Count II alleges the Fund's failure to notify them estops the Fund from denying coverage and avers that continued denial of coverage by the Fund constitutes a breach of contract. Count III seeks specific performance in the nature of an order directing the Fund to perform its contractual obligations with regard to the insurance policy. In Count VII, Plaintiffs assert the Insurance Agency is the agent of the Fund, and thus, the Fund is vicariously liable as principal for the actions of the Insurance Agency.

The Fund filed preliminary objections to the complaint challenging the jurisdiction of the trial court and asserting the defense of sovereign immunity.[2] Following oral argument, the trial court denied and dismissed the preliminary objections by order dated December 23, 1992 and directed the Fund to file an answer to the complaint. The trial court's

1. Counts IV, V, and VI of the complaint contain allegations as to the Insurance Agency and are not relevant herein.

2. We again note that immunity, characterized as an affirmative defense, is properly raised in a responsive pleading under "New Matter" rather than by preliminary objection. *See* Pa.R.C.P. Rule 1030. However, a preliminary objection may raise sovereign and absolute immunity when that defense is apparent on the face of the pleadings. *See Nagle v. Pennsylvania Insurance Department*, 46 Pa.Commonwealth Ct. 621, 624 n. 1, 406 A.2d 1229, 1233 n. 1 (1979), *aff'd in part, rev'd in part*, 499 Pa. 139, 452 A.2d 230 (1982).

basis for denial and dismissal of the preliminary objections was a finding that any defense of sovereign immunity of the Commonwealth was expressly waived under Section 21 of The Pennsylvania Workmen's Compensation Act[3] and a determination that the Fund was a legislatively created, financially independent fund which was not a Commonwealth agency subject to the original jurisdiction of the Commonwealth Court or the jurisdiction of the Board of Claims.[4] On January 8, 1993, the trial court also denied a subsequent request by the Fund to certify the case for an interlocutory appeal.

On March 1, 1993, this court, pursuant to the note to Pa.R.A.P. 1311, granted the Fund's petition for review of the December 23, 1992 and January 8, 1993 orders of the trial court. Thereafter, we remanded the matter to the trial court for an opinion in support of its December 23, 1992 order.

Two issues are presently before this court for consideration. First, we must determine whether the Fund is a Commonwealth agency subject to sovereign immunity and if so, whether the Act represents a waiver of sovereign immunity for tort claims brought against the Fund in its capacity as a provider of workers' compensation insurance. Second, we must consider whether the trial court appropriately rejected the Fund's contention that jurisdiction over Plaintiffs' claims was vested exclusively with the Board of Claims.

■ The trial court determined the Fund is legislatively created and is not a Commonwealth entity. In reaching this conclusion, the trial court applied the financial independence test espoused in *Specter v. Commonwealth*, 462 Pa. 474, 341 A.2d 481 (1975),[5] and opined that the Fund was created by the

3. Act of June 2, 1915, P.L. 762, *as amended*, 77 P.S. § 362.

4. We find the basis for the conclusion of the trial court to be somewhat convoluted in that the Fund, or any other entity, could not waive immunity unless they indeed were a Commonwealth agency and afforded such immunity. Thus, the trial court's determination that the Fund waived immunity directly contradicts the conclusion that the Fund is not a Commonwealth agency over which the Board of Claims has jurisdiction.

5. In *Specter*, the Supreme Court established the analysis to be used to determine whether various agencies and authorities created by the

Act, that it is funded from sources other than appropriations, and that it is financially independent of the Commonwealth.[6]

Contrary to the conclusion of the trial court, prior decisions of this court have determined that the Fund is an administrative department or agency of the Commonwealth for purposes of sovereign immunity. *DeVeaux by DeVeaux v. Palmer*, 125 Pa.Commonwealth Ct. 631, 558 A.2d 166 (1989) citing *Nagle v. Pennsylvania Insurance Department*, 46 Pa.Commonwealth Ct. 621, 406 A.2d 1229 (1979), *aff'd in part, rev'd in part*, 499 Pa. 139, 452 A.2d 230 (1982). We see no reason to depart from that case law in the case *sub judice.* Having determined that the Fund is a Commonwealth entity, we will now consider whether waiver of immunity occurred.

Sovereign immunity precludes a litigant from asserting an otherwise meritorious cause of action against a sovereign agency or a party with sovereign attributes unless consent to suit exists. *See* Black's Law Dictionary 1252 (5th ed. 1979). Sovereign immunity exists in this Commonwealth unless specifically waived. *See* 1 Pa.C.S. § 2310 [7]. When sovereign immunity is waived claims against the Commonwealth shall be brought only in such manner, such court, and such cases as directed by the provisions of Title 42 unless otherwise specifically authorized by statute.

General Assembly are to be considered "the Commonwealth". *See also Pennsylvania Housing Finance Agency v. Abreen Corp.*, 84 Pa.Commonwealth Ct. 571, 480 A.2d 335 (1982). In *Abreen,* we analyzed *Specter* and its progeny and concluded that the financial relationship between the Commonwealth and the housing finance agency is the primary factor to assist in the determination of whether the agency is the Commonwealth.

6. The trial court's application of the financial independence test ignores more recent appellate case law indicating that financial independence is not the sole determinant of whether an entity is an agency of the Commonwealth. *See DeVeaux.*

7. This section provides in pertinent part:

[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

Actions against the Fund which are based in tort are governed by 42 Pa.C.S. Sections 8521 and 8522. Section 8521(a), 42 Pa.C.S. § 8521(a), pertains to sovereign immunity generally and provides that no provision of this title shall constitute a waiver of sovereign immunity except as otherwise provided in the subchapter. Section 8522 provides for waiver of sovereign immunity as a bar to actions against Commonwealth parties for damages arising out of a negligent act and then sets forth nine (9) situations in which liability may be imposed on the Commonwealth and in which the defense of sovereign immunity may not be raised to claims for damages.[8]

■ Thus, from our reading of the statute, the Legislature has exempted the sovereign from immunity only in specific, clearly stated situations, and as previously determined, it is the duty of this court to strictly construe this statute. *Majestic v. Department of Transportation*, 144 Pa.Commonwealth Ct. 109, 601 A.2d 386 (1991), *appeal granted*, 533 Pa. 639, 621 A.2d 584 (1993).

■ The trial court determined that Section 21 of the Act constitutes a waiver of the Fund's sovereign immunity. This section provides that the Fund may sue or be sued to enforce rights given against or to any subscriber or other person under the Act. The trial court concluded that the legislature did not intend to restrict this conferred right because while the legislature had authorized litigation against the Fund, it did not enact any corresponding immunity provision.

In so concluding however, the trial court neglected to reference this court's holding in *Nagle*. In *Nagle*, we determined that the waiver effectuated in Section 21 applies only to cases in which a workers' compensation claim is being prose-

8. Noting that Section 8521 provides that Title 42 shall not serve as a waiver of sovereign immunity except as provided therein, the trial court reasoned that because the section referenced Title 42, the waiver provision at Section 21, 77 P.S. § 362, of the Act was not impacted or affected by Section 8521. The trial court then determined that the exceptions to sovereign immunity under Section 8522 do not constitute "an exhaustive recitation of the circumstances under which the Commonwealth may be sued."

cuted. No such claim is at issue here and no waiver of immunity occurred.

As to the issue of jurisdiction of the dispute between Plaintiffs and the Fund, the Fund argues that the contractual claims asserted by Plaintiffs are actions within the province of the Board of Claims and should, thus, be transferred.[9] The trial court determined that the Board of Claims does not have jurisdiction over contractual claims against the Fund because the Fund is legislatively created and is not a Commonwealth entity subject to the original jurisdiction of the Board of Claims.

However, in reaching this conclusion the trial court again neglected to reference a prior dispositive decision of this court. In *Paul & Peter's Check Cashing v. Department of Labor and Industry,* 135 Pa.Commonwealth Ct. 373, 582 A.2d 397 (1990), we determined that the Board of Claims has jurisdiction over contract claims against the Fund, which is a Commonwealth agency. Thus, this issue has been previously determined and contradicts the trial court's conclusion both that the Fund is not an agency of the Commonwealth and that jurisdiction lies with the court of common pleas rather than the Board of Claims.

Accordingly, on the basis of previous decisions of this court, we recognize the Fund as a Commonwealth agency subject to sovereign immunity whose contractual disputes are within the jurisdiction of the Board of Claims.

### ORDER

AND NOW, this 21st day of December, 1993, the December 23, 1992 order of the court of common pleas of Montgomery County is reversed; the preliminary objections of the State

9. Section 1, 72 P.S. § 4651–1 provides for creation of an independent administrative board known as the Board of Claims whose duty it shall be to arbitrate claims against the Commonwealth arising from contracts entered into by the Commonwealth. Section 4, 72 P.S. § 4651–4 affords the Board of Claims *exclusive jurisdiction* to hear and determine contractual claims against the Commonwealth in amounts exceeding $300.00.

Workmen's Insurance Fund (Fund) as to Counts I, II and VII are sustained by virtue of sovereign immunity; and Count III is remanded to the trial court which is directed to transfer Count III to the Board of Claims for disposition.

Jurisdiction relinquished.