# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherese Abrams,                          :
                                         :
                        Appellant        :
                                         :
            v.                           :   No. 2167 C.D. 2014
                                         :
The Juvenile Justice Department          :   Submitted:  July 10, 2015


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  September 3, 2015**

        Sherese Abrams, pro se, appeals from the November 4, 2014 Order of the
Court of Common Pleas of Philadelphia County (trial court) that sustained the
Preliminary Objections (POs) filed by The Juvenile Branch of the Family Division
of the Philadelphia County Court of Common Pleas (Juvenile Court)[1] asserting that
Ms. Abrams' pro se civil action Complaint did not state a claim under
Pennsylvania law.  The trial court concluded that the Juvenile Court, as part of the

---

        [1] Although the caption in this matter identifies the appellee/defendant as The Juvenile
Justice Department, the trial court concluded that the true party implicated in Ms. Abrams' civil
action Complaint is the Juvenile Court.  Our review of Ms. Abrams' Complaint supports this
determination and, therefore, we will refer to the Juvenile Court as the appellee/defendant in this
matter.

Unified Judicial System of Pennsylvania, is an agency of the Commonwealth of Pennsylvania and is immune from suit pursuant to what is commonly referred to as the Sovereign Immunity Act (Act).[2] On appeal, Ms. Abrams argues, *inter alia*, that the trial court erred in finding that the Juvenile Court is entitled to immunity from suit under the Act. Because we find no error in the trial court's Order, we affirm.

In June 2014, Ms. Abrams filed the pro se Complaint, which included the following averments. In October 2011, Ms. Abrams' son (Son), then fifteen, was falsely accused of participating in an assault of an individual on the campus of Temple University. (Compl. at 1.) Notwithstanding video evidence establishing that Son was not involved in the assault, but was only a witness, Son was prosecuted and subjected to "in[-]home probation, . . . unnecessary drug screenings[,] . . . and unnecessary distress by academic negligence." (Compl. at 1.) On December 21, 2011, Son was to appear for a hearing on the assault at the Juvenile Court, but Ms. Abrams did not take him to the hearing because Son was suffering major stomach cramping due to a diagnosed medical condition. (Compl. at 1.) Because of Son's nonappearance, the Juvenile Court issued a warrant for Son and, "[i]n less than 72 hour[s], at least 11 or 12 armed officers from the warrant unit came to the[ir] home . . . and brutally tried to knock the door off of the hinges with full force. They had loaded guns drawn, pointing them and [said] where's [Son] . . . ." (Compl. at 1.) Ms. Abrams contends that this "activity was excessive, unnecessary and very life threatening as [Son] had [n]o criminal

---

[2] See Sections 8521-8528 of the Judicial Code, 42 Pa. C.S. §§ 8521-8528. Pursuant to Section 8521(a) of the Act, Commonwealth agencies are immune from suit unless that immunity is specifically waived under Section 8522(b) of the Act. 42 Pa. C.S. §§ 8521(a), 8522(b); Jones v. Southeastern Pennsylvania Transportation Authority, 772 A.2d 435, 439 (Pa. 2001).

2

background." (Compl. at 1-2.) Thereafter, Son "was sentenced/ordered to attend a school organized for troublesome young males," which resulted in him not being able to attend his local high school. (Compl. at 2.) In June 2013, Son was sentenced by the Juvenile Court to attend an overnight school for nine months, which further harmed Son's academic potential and opportunities, and prevented him from having "a fair chance to gain the needed credits towards achieving a high school [d]iploma in a timely manner." (Compl. at 2.) Ms. Abrams asserts, in the Complaint, that there was corruption and a lack of concern for what was best for Son's future. (Compl. at 2.)

As a result of the actions described above, Son failed all of his high school classes and could not receive a high school diploma. (Compl. at 2.) Son, who turned eighteen in July 2014, was forced to find work without training or skills, which he had hoped to obtain by attending a vocational school. (Compl. at 2.) Additionally, Son suffers "emotional distress upon having to provide for himself and trying to gain academic status to qualify for college." (Compl. at 2.) "The Juvenile Justice System and the School District of Philadelphia [(School District)]. . . ha[ve] created, presented and forced a false illusion of betterment to [Son] and has failed him in assistance as well as corrupted his achievements as an adolescent." (Compl. at 2.) Ms. Abrams sought $30,000 in punitive damages from the Juvenile Court for negligence, compensation in the amount of $50,000 for malicious prosecution and "for redirecting [Son's] professional outlook," and $20,000 for aggravated assault with deadly weapons, excessive force, and the inability of Son to reside in public housing. (Compl. at 2-3.)

3

Thereafter, Ms. Abrams filed a Motion to File an Amended Complaint (Motion to Amend) and a Motion to Add an Additional Defendant (Motion to Add Defendant; together, Motions). The Motions sought to add claims against the School District to the Complaint and to add the School District as a defendant.[3]

The Juvenile Court filed POs in the nature of a demurrer, asserting that the Complaint did not state a claim upon which relief could be granted because: (1) Ms. Abrams' claims were barred by sovereign immunity because it was a Commonwealth entity; and (2) those claims were also barred under the doctrine of judicial immunity. (POs ¶¶ 6-8.) The trial court concluded that the Juvenile Court was entitled to sovereign immunity under the Act and that no exception to that immunity existed in these circumstances. Accordingly, the trial court sustained the Juvenile Court's POs in that regard and dismissed the Complaint with prejudice. By separate orders dated November 4, 2014, the trial court also denied Ms. Abrams' Motions as moot because it had dismissed the Complaint based on the Juvenile Court's POs.

---

[3] The allegations asserted in the Motions were unrelated to those in the Complaint. Ms. Abrams averred that the School District harmed Son's academic interests and caused Son emotional distress by having insufficient teachers and resources at the middle school where Son attended in the 2011-2012 school year. (Motions.) This, according to the Motion to Amend, resulted in higher suspension rates for the students that attended this school, including Son, leaving those students discouraged and reducing their interest in their education. (Motion to Amend.)

Ms. Abrams filed a motion for reconsideration and an appeal.[4] The trial court directed her to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Statement). Ms. Abrams filed a timely Statement which, essentially, reiterated the Complaint's allegations and asserted new allegations. Specifically, Ms. Abrams contended that the trial court "failed [Son] in the nature of custody and control" because:

1. The defendant failed to acknowledge the status of the Plaintiff (minor) witness[.]

2. The defendant subjected the Plaintiff to danger[.]

3. The Plaintiff's parental rights and the right's [sic] to the 8th amendment to the constitution were violated.

4. Plaintiff suffers loss of Educational support of the School District of Philadelphia[.]

5. The Plaintiff suffers from a[n] economic setback which includes loss of present and future earnings due to lack of educational achievement inflicted by the defendant.

6. The defendant has performed actions which reflects [sic] exceptions to Sovereign Immunity as Plaintiff's [sic] have stated in their [C]omplaint.

(Statement at "Cause of Action.") Ms. Abrams further asserted that Son was in the care and control of, *inter alia*, the Juvenile Court, seemingly invoking the personal property exception to sovereign immunity found at Section 8522(b)(3) of the Act. (Statement at "Cruel and Unusual Punishment"; see also Motion for

---

[4] When she filed her appeal with this Court, Ms. Abrams was not specific as to which of the trial court's November 4, 2014 orders she was appealing. By order dated March 30, 2015, this Court indicated that we would consider the appeal as being taken from the Order sustaining the Juvenile Court's POs and dismissing the Complaint.

Reconsideration at 1.) In its opinion pursuant to Rule 1925(a), the trial court held that the Juvenile Court was a Commonwealth agency entitled to sovereign immunity and that the exception to sovereign immunity Ms. Abrams relied upon, the personal property exception, did not apply because Son is not personal property. (Trial Ct. Op. at 3.) This matter is now ready for this Court's review.[5]

Ms. Abrams appears to argue that the trial court erred in concluding that the Juvenile Court was entitled to immunity because: (1) she considered her underage Son to be her belonging and personal property of which the Juvenile Court took responsibility in 2012; and (2) the Juvenile Court is not immune because the judge could not have been acting within the judge's judicial capacity or within the Juvenile Court's jurisdiction because the warrant unit used excessive force and did not comply with the principles of due process.[6] Ms. Abrams also contends, as she did in her Statement, that she has set forth a claim for negligence under, *inter alia*, the No Child Left Behind Act of 2001[7] (NCLB Act) because Son was making

---

[5] The "standard of review for preliminary objections is well settled. We must accept all material facts set forth in the complaint as well as all the inferences reasonably deducible therefrom as true." Powell v. Drumheller, 653 A.2d 619, 621 (Pa. 1995). "The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." Id. "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." Id. Although sovereign immunity is characterized as an affirmative defense that is properly raised as new matter, it also may be raised in POs where the defense is apparent from the face of the pleadings. State Workmen's Insurance Fund v. Caparo Real Estate, Inc., 635 A.2d 705, 706 n.2 (Pa. Cmwlth. 1993).

[6] We discern Ms. Abrams' arguments pertaining to judicial immunity based on the circled passages from the copies of the United States Supreme Court decisions Ms. Abrams has included in her brief.

[7] 20 U.S.C. §§ 6301-7941.

6

educational progress before being sentenced to the overnight school by the Juvenile Court. Ms. Abrams asserts that her claims have merit and should go forward so that she and Son have the opportunity to present evidence on how they have suffered from Son's prosecution for a crime he did not commit.[8]

The Juvenile Court responds that Son is not Ms. Abrams' personal property and, therefore, the personal property exception to sovereign immunity is inapplicable. Alternatively, the Juvenile Court asserts, as it did in its POs, that it is entitled to judicial immunity and that the Juvenile Court judge in this matter was acting in the judge's capacity. The Juvenile Court maintains that the judge acted within the Juvenile Court's jurisdiction when the judge directed that a warrant be issued based on Son's nonappearance at the December 2011 hearing and sentenced Son to an overnight school for nine months.

We first consider whether the Juvenile Court is entitled to sovereign immunity. Section 102 of the Judicial Code defines "Commonwealth government" as "including the courts and other officers or agencies of the [U]nified [J]udicial [S]ystem." 42 Pa. C.S. § 102. Pursuant to Article V, Section 1 of the Pennsylvania Constitution, the Unified Judicial System includes, *inter alia*, "courts of common pleas." Pa. Const. art. V, § 1. Thus, the Juvenile Court, which is a part

---

[8] We note that Ms. Abrams appears to aver additional facts and raise additional claims in her brief filed in this Court. To the extent that such claims were not asserted in the Complaint or filings in the trial court, we will not consider them in this appeal. See Pennsylvania Rule of Appellate Procedure 302(a), Pa. R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

of the court of common pleas, is included in the definition of "Commonwealth government."

Section 8521(a) of the Act states: "[e]xcept as otherwise provided in [the Act], no provision of this title [(the Judicial Code)] shall constitute a waiver of sovereign immunity for the purpose of 1 Pa. C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise."  42 Pa. C.S. § 8521(a). Section 8522 of the Act outlines where the General Assembly has waived this immunity and states, in relevant part:

> **(a) Liability imposed.** -- The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa. C.S. § 8522(a).  Thus, pursuant to Section 8522(a) of the Act, in order to recover against the Juvenile Court, Ms. Abrams had to prove: "(1) that damages would be recoverable for negligence under a common law theory of negligence or based on statute against a person not having available the defense of sovereign immunity; and (2) that the requirements for one of the exceptions . . . in subsection (b) have been satisfied."  Morewood Point Community Association v. Port Authority of Allegheny County, 993 A.2d 323, 328 (Pa. Cmwlth. 2010).  There are

8

nine exceptions set forth in Section 8522(b),[9] and we are required to interpret these exceptions to sovereign immunity strictly. Jones v. Southeastern Pennsylvania Transportation Authority, 772 A.2d 435, 440 (Pa. 2001). Absent the existence of one of these exceptions, liability may not be imposed against the Commonwealth or one of its entities. Id.

Here, Ms. Abrams appears to rely on the personal property exception to sovereign immunity in subsection (b)(3), which provides, in relevant part:

> **(b) Acts which may impose liability.** --The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
> . . .
> **(3) Care, custody, or control of personal property.** -- The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . . .

42 Pa. C.S. § 8522(b)(3). However, like the trial court, we do not find merit in Ms. Abrams' assertion that Son was her personal property that was injured while in the care, custody, and control of the Juvenile Court.

Son is a person, not personal property, which is defined as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property."

---

[9] The nine exceptions under which sovereign immunity is waived are categorized as: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) dangerous conditions of Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. § 8522(b).

9

Black's Law Dictionary 1337 (9th Ed. 2004). In <u>Gallagher v. Bureau of Correction</u>, 545 A.2d 981, 984 (Pa. Cmwlth. 1988), an inmate at a state correctional institute argued "that he was in the custody and control of the Commonwealth by virtue of his status as a prisoner, thereby making himself the personal property of the Commonwealth." We rejected the inmate's argument in <u>Gallagher</u>, and we similarly reject Ms. Abrams' assertion in the present matter. Therefore, we hold that the trial court did not err in concluding that the personal property exception to sovereign immunity does not apply here or in sustaining the Juvenile Court's POs in that regard.[10]

Based on the allegations Ms. Abrams asserts in the Complaint, we understand why she has brought these claims and sympathize with her and Son for the disruption in their lives that they believe was not deserved. However, the law does not provide a remedy for every perceived wrong and, as discussed above, the law does not allow the remedy Ms. Abrams requests in the present matter.

Accordingly, we affirm the trial court's Order.


_____
**RENÉE COHN JUBELIRER, Judge**

---

[10] We observe, as the trial court did in its opinion, that the NCLB Act does not provide a private cause of action for alleged violations of its provisions. <u>Horne v. Flores</u>, 557 U.S. 433, 456 n.6 (2009). Furthermore, because we conclude that the Juvenile Court is entitled to sovereign immunity under the Act, it is not necessary to address the Juvenile Court's alternate assertion that it is entitled to absolute judicial immunity and Ms. Abrams' assertions that such immunity is inapplicable.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Sherese Abrams,                    :
                                   :
                    Appellant      :
                                   :
          v.                       :    No. 2167 C.D. 2014
                                   :
The Juvenile Justice Department    :

## **O R D E R**

**NOW**, September 3, 2015, the Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**