IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Flitter,                           :
                    Petitioner            :
                                          :
          v.                              :        No. 637 M.D. 2022
                                          :        Submitted:  November 6, 2025
Office of Judicial Records Criminal       :
Division, First Judicial District of      :
PA,                                       :
                    Respondent            :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                   FILED:  January 13, 2026


          Before this Court are the preliminary objections filed by the Office of
Judicial Records Criminal Division, First Judicial District of Pennsylvania (Office
of Judicial Records) to Andrew Flitter's complaint.  After review, this Court sustains
the Office of Judicial Records' preliminary objection that sovereign immunity bars
Flitter's action and dismisses the complaint.

          On July 21, 2022, Flitter filed a complaint in the Court of Common
Pleas of Philadelphia County (Common Pleas Court), against the Office of Judicial
Records claiming the defendant owed him $4,500, plus bank fees of $80 and court
costs.  In support, the complaint averred that Flitter was the owner of Kensington
Enterprises LLC, a Pennsylvania licensed check cashing company.  An individual
named Alexander Spencer presented two checks in the amount of $2,000 and $2,500
that were issued by the Office of Judicial Records.  The checks were cashed by

Kensington Enterprises. However, the bank refused to remit funds to Kensington Enterprises for the stated reason that the Office of Judicial Records had "stopped payment" on these two checks. Complaint at ¶5. Flitter "thereafter obtained all rights to the two checks" from Kensington Enterprises "for sufficient consideration" and, therefore, is a "holder in due course" under Section 3302(a) of the Pennsylvania Uniform Commercial Code (UCC), 13 Pa. C.S. §3302(a). *Id*. at ¶6. The complaint asserted that Flitter has a right to seek reimbursement against the Office of Judicial Records for payments on those two checks under Section 3305 of the UCC, 13 Pa. C.S. §3305, and the Supreme Court's decision in *Triffin v. Dillabaugh*, 716 A.2d 605 (Pa. 1998).[1]

In response, the Office of Judicial Records filed preliminary objections and a supporting memorandum of law, asserting that the Common Pleas Court lacked jurisdiction because the Office of Judicial Records is a "Commonwealth entity." Preliminary Objections at ¶1. First, it contended that under Section 761(a)(1) of the Judicial Code, the Commonwealth Court has original jurisdiction over all civil actions or proceedings against the Commonwealth government. 42 Pa. C.S. §761(a)(1). Second, it contended that accepting all the allegations set forth in the complaint as true, Flitter's action was barred by sovereign immunity. The complaint did not plead any facts that would establish any of the exceptions to sovereign immunity set forth in Section 8522 of what is commonly referred to as the Pennsylvania Sovereign Immunity Act (Sovereign Immunity Act), 42 Pa. C.S. §8522, that would permit the matter to proceed. Finally, it contended that the complaint failed to state a cause of action because it was insufficiently specific.

---

[1] Flitter referred to this case as "*Triffin v. American Express Travel Related Services, Inc.*"

On September 12, 2022, the Common Pleas Court sustained the preliminary objection for lack of jurisdiction and transferred the complaint to this Court. Having failed to comply with this Court's briefing schedule, Flitter is precluded from filing a brief in opposition to the preliminary objections. Order, 2/14/2024. The case is now ready for disposition.

In ruling on preliminary objections, a court must accept as true all well-pleaded material allegations in a party's complaint and any reasonable inferences that could be drawn therefrom. *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014). However, a court is not required to accept a party's "legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* (citation omitted). "In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citation omitted).

"A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom." *Torres*, 997 A.2d at 1245 (citation omitted). A demurrer "tests the legal sufficiency of the challenged pleadings and will be sustained only where the pleader has clearly failed to state a claim for which relief can be granted." *Id*. (citation omitted). "When ruling on a demurrer, a court must confine its analysis to the complaint." *Id*. (citation omitted).

Here, the Office of Judicial Records contends that the claim for damages set forth in the complaint is barred by sovereign immunity[2] because the

---

[2] Immunity from suit, characterized as an affirmative defense, is properly raised in a responsive pleading under "New Matter" rather than by preliminary objection. *See* Pa.R.Civ.P. 1030.

Office of Judicial Records is an arm of Commonwealth government, and the complaint does not allege facts that would establish that any of the exceptions to sovereign immunity set forth in Section 8522 of the Sovereign Immunity Act are applicable to this case.

Section 102 of the Judicial Code defines "Commonwealth government" as "including the courts and other officers or agencies of the [U]nified [J]udicial [S]ystem." 42 Pa. C.S. §102. Under the Pennsylvania Constitution, "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." PA. CONST. art. I, §11. Pursuant thereto, the General Assembly has declared that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. §2310.

In Section 8522 of the Sovereign Immunity Act, the General Assembly has waived sovereign immunity for Commonwealth parties in limited cases. It provides, in pertinent part, as follows:

> **(a) Liability imposed.--**The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a

---

However, a preliminary objection may raise sovereign and absolute immunity when that defense is apparent on the face of the pleadings. *State Workmen's Insurance Fund, Department of Labor and Industry v. Caparo Real Estate Inc.*, 635 A.2d 705, 706 n.2 (Pa. Cmwlth. 1993) (citation omitted).

4

statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

**(b) Acts which may impose liability.**--The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: (1) Vehicle liability.--The operation of any motor vehicle in the possession or control of a Commonwealth party . . . .[;] (2) Medical-professional liability . . . .[;] (3) Care, custody or control of personal property.--The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . . .[;] (4) Commonwealth real estate, highways and sidewalks . . . .[;] (5) Potholes and other dangerous conditions . . . .[;] (6) Care, custody or control of animals . . . . [;] (7) Liquor store sales . . . .[;] (8) National Guard activities . . . [;] (9) Toxoids and vaccines . . . .[;] [and] (10) Sexual abuse. . . .

42 Pa. C.S. §8522.

In this case, Flitter's claim "is neither one for damages arising out of a negligent act[,] nor within the purview of the exceptions to sovereign immunity which may impose liability." *Valley Gypsum Company, Inc. v. Pennsylvania State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990). The complaint does not specify any other valid basis under which the General Assembly waived the Office of Judicial Records' sovereign immunity.[3] Because the General Assembly has not expressly waived sovereign immunity for the claim Flitter presents in the complaint, we

---

[3] To the extent the complaint raises a claim in contract, we acknowledge that, in Section 1702(b) of the Commonwealth Procurement Code, the General Assembly has waived sovereign immunity for certain contract claims against the Commonwealth and its agencies, but that waiver applies only to claims "brought in accordance with sections 1711.1 (relating to protests of solicitations or awards) and 1712.1 (relating to contract controversies) and Subchapter C (relating to Board of Claims) but only to the extent set forth in this chapter." 62 Pa. C.S. §1702(b). Flitter's claim does not fall within any of these criteria under Section 1702(b).

conclude that the Office of Judicial Records is immune from Flitter's civil action for damages.

Based on the foregoing, we sustain the Office of Judicial Records' preliminary objection raising sovereign immunity and dismiss Flitter's complaint.[4]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[4] Given that the complaint is barred by sovereign immunity, this Court need not address the remaining preliminary objections of the Office of Judicial Records.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Flitter,
              Petitioner       :

                  :

           v.         :      No. 637 M.D. 2022

                  :

Office of Judicial Records Criminal   :

Division, First Judicial District of   :

PA,                 :

           Respondent    :

# **O R D E R**

AND NOW, this 13th day of January, 2026, the Office of Judicial Records Criminal Division, First Judicial District of Pennsylvania's preliminary objection to Andrew Flitter's complaint is SUSTAINED, and the complaint is DISMISSED.

_____

MARY HANNAH LEAVITT, President Judge Emerita