Nathaniel RUMPH,

v.

#### STATE WORKMEN'S INSURANCE FUND, et al.

Civil Action No. 96–1523.

United States District Court, E.D. Pennsylvania.

May 8, 1997.

Richard P.S. Hannum, Prickett, Jones, Elliott, Kristol & Schnee, Kennett Square, PA, for Plaintiff.

Claudia M. Tesoro, Sr. Deputy Atty. Gen., Philadelphia, PA, Douglas Fahringer, O'Brien & Ryan, Plymouth Meeting, PA, for Defendants.

## *MEMORANDUM*

RAYMOND J. BRODERICK, District Judge.

Presently before the Court in this civil rights action for denial of workmen's compensation benefits is Defendants' motion for summary judgment. Defendants argue that the Plaintiff's claims are barred by the Eleventh Amendment, by the exclusivity provisions of the state workmen's compensation act, and by the Plaintiff's inability to prevail as a matter of law under 42 U.S.C. § 1983 (1993). Because the Court finds that Defendants qualify for Eleventh Amendment immunity and because Plaintiff has failed to establish any element necessary to prove his due process claim, the Court will grant Defendants' motion for summary judgment and enter judgment in their favor.

## I. BACKGROUND

Plaintiff Nathaniel Rumph commenced this action on February 27, 1996, against the State Workmen's Insurance Fund ("SWIF"), the statutorily created and state-operated insurance carrier which provided workmen's compensation insurance to his employer. Plaintiff also named as defendants Charles R. Fleming and R. Alvin Bensley, Jr., two SWIF employees who were involved in processing his claim; the State Workmen's Insurance Board ("SWIB"), a statutorily created board which administers SWIF; and the officers of SWIB, Linda S. Kaiser, the Commonwealth's insurance commissioner; Catherine Baker Knoll, the Commonwealth's former treasurer; and Johnny J. Butler, the Commonwealth's secretary of labor and industry. The Plaintiff failed to specify whether he is suing these defendants in their official capacities or their individual capacities, or both.

In Count I of his complaint, Plaintiff alleges that Defendants unjustifiably denied him workmen's compensation benefits without due process of law in violation of the Fourteenth Amendment to the United States Constitution. In Count II, Plaintiff alleges that Defendants violated their obligations under the Pennsylvania Workmen's Compensation Act of 1915, as amended, 77 P.S. § 1 et seq. (Purdon's 1992). Plaintiff seeks only monetary relief in the form of compensatory damages, punitive damages, and attorneys fees.

On April 29, 1996, Defendants filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Defendants argued that the Eleventh Amendment barred Plaintiff's claims, that the individual defendants acting in their official capacities were not "persons" under Section 1983, and that Plaintiff failed to state a viable due process claim against any defendant. By Orders dated October 17, 1996, and November 5, 1996, the Court denied Defendants' motions to dismiss on the ground that Defendants had failed to meet their burden of proving the affirmative defense of the Eleventh Amendment. *See Christy v. Pennsylvania Turnpike Comm'n,* 54 F.3d 1140, 1144 (3d Cir.1995). The Court also determined that Plaintiff's complaint alleged facts in support of his claims which could possibly entitle him to relief. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

At a subsequent pre-trial conference, counsel for Defendants suggested that the case could be decided on summary judgment after limited discovery. Accordingly, by Order dated January 10, 1997, the Court invited the parties to submit motions for summary judgment. Defendants filed a motion for summary judgment on February 10, 1997, and Plaintiff filed his response on March 14, 1997, after obtaining leave from the Court for an extension of time. Defendants submitted a reply on March 25, 1997.

## II. STANDARD OF REVIEW

The law is clear that when a motion for summary judgment is properly filed under Fed.R.Civ.P. 56, the non-moving party cannot rest on the mere allegations of the pleadings. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rather, in order to defeat the motion for summary judgment, the non-moving party, by its own affidavits, or by depositions, an-

swers to interrogatories or admissions on file, as stated in Rule 56(e), "must set forth specific facts showing that there is a genuine issue for trial."

As *Celotex* teaches, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Where the nonmoving party fails to make such a showing with respect to an essential element of its case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case—necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552. "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.*

### III. STATEMENT OF FACTS

Plaintiff was injured on April 28, 1995, while working at his place of employment, Weymouth Stables, in Kennett Square, Pennsylvania. Plaintiff states that he injured his lower back and hip when a large tree limb he was clearing fell on him. He reported the injury to his employer, who submitted a claim in June, 1995 to its workmen's compensation carrier, the State Workmen's Insurance Fund. Plaintiff returned to work soon after his injury.

Claims adjusters at SWIF initially determined that Plaintiff sought payment for only medical expenses, since he had returned to work within seven days of his injury and was thus ineligible for total disability benefits. *See* 77 P.S. § 511 (Purdon's 1992). Accordingly, SWIF began to pay the Plaintiff's medical bills associated with his April 28th injury. On September 29, 1995, however, Plaintiff stopped working upon suggestion of his orthopedic surgeon and requested total disability benefits under the Workmen's Compensation Act.

SWIF received notice from Plaintiff's employer on October 5, 1995 that he had stopped working. Although a contractor for SWIF investigated Plaintiff's disability claim and recommended that it be accepted, SWIF employees Flemming and Bensley determined that the claim required further investigation to certify that Plaintiff's injuries were work-related. Therefore, SWIF issued Plaintiff a "Notice of Compensation Denial" on November 20, 1995, and suspended payment of his medical expenses.

The Notice of Compensation Denial explained that Plaintiff's claim was being denied because SWIF could not conclude that his injuries were work-related. The denial also instructed the Plaintiff to cooperate further in the investigation of his claim. Plaintiff underwent an independent medical examination on December 8, 1995, pursuant to Section 314 of the Act, 77 P.S. § 651 (Purdon's 1992).

When further efforts to process his claim proved fruitless, Plaintiff filed a formal petition for benefits on January 15, 1996, pursuant to Section 402 of the Act, 77 P.S. § 711 (Purdon's 1992). Plaintiff sought total disability benefits, medical expenses, and counsel fees. SWIF denied all substantive allegations in the petition. Soon thereafter, Plaintiff filed the instant civil rights action claiming that SWIF had unjustifiably denied him workmen's compensation benefits in violation of the Fourteenth Amendment and the Workmen's Compensation Act. Plaintiff alleged that the Defendants had unreasonably denied him benefits and had failed to respond to several requests for an explanation for his denial.

After Plaintiff filed this lawsuit, SWIF accepted his workmen's compensation claim and issued him a "Notice of Compensation Payable" on March 1, 1996. Thus, at a hearing on April 11, 1996, Worker's Compensation Judge Seymour Nathanson ruled that the issue of Plaintiff's entitlement to total disability benefits had become moot. Judge Nathanson conducted an additional hearing on July 25, 1996, however, to consider the reasonableness of SWIF's actions as well as Plaintiff's petition for costs and penalties.

On January 10, 1997, Judge Nathanson issued a decision denying Plaintiff's requests for costs and penalties. Judge Nathanson ruled that SWIF had reasonably contested Plaintiff's disability claim and had complied with the Workmen's Compensation Act and applicable regulations. Judge Nathanson's decision is appealable to the Workmen's Compensation Appeal Board, then to the Commonwealth Court of Pennsylvania, and by petition to the Pennsylvania and United States Supreme Courts. See 77 P.S. § 853 (Purdon's 1992); 42 Pa.C.S.A. §§ 724(a) & 763(a)(1) (Purdon's 1981); and 28 U.S.C. § 1257(a) (1993).

## IV. DISCUSSION

The Court will first consider whether the Eleventh Amendment bars Plaintiff's complaint against the State Workmen's Insurance Board, the State Workmen's Insurance Fund, and the individual defendants acting in their official capacities. Next, the Court will consider whether Plaintiff has established the existence of any element essential to his due process claim against the individually named defendants in their individual capacities. Finally, the Court will consider whether it will exercise jurisdiction over Plaintiff's state law claim.

## A. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

While the amendment does not explicitly so state, the United States Supreme Court has often held that the Eleventh Amendment bars suits against a state by its own citizens. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Parden v. Terminal Ry. of the Alabama State Docks Dep't,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

States may consent to be sued in federal court, thereby waiving their Eleventh Amendment immunity, but Pennsylvania has not done so. Pennsylvania has explicitly retained its Eleventh Amendment immunity by statute:

> Nothing contained in this subchapter [on civil actions against Commonwealth parties] shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

42 Pa.C.S.A. § 8521(b) (Purdon's 1981). *See also Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981). Furthermore, nothing in the Workmen's Compensation Act absolves the Commonwealth of its Eleventh Amendment immunity. Although the Act provides that SWIF may be sued, *see* 77 P.S. § 362, it only waives the Commonwealth's sovereign immunity against suits in state court, not the Commonwealth's Eleventh Amendment immunity against suits in federal court. *See Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171 (1985) (underscoring the difference)

Eleventh Amendment immunity reaches not only states but also state agencies which are considered "arms" or "alter egos" of the state. *See Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977); *Laskaris,* 661 F.2d at 25. Moreover, the amendment bars suits against state agency officials acting in their official capacities, *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991), with the notable exception of suits for declaratory or injunctive relief. *See, e.g., Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Ex Parte Young* is inapplicable in the present case, however, since the Plaintiff seeks only retrospective relief.

Accordingly, the Court will analyze whether the State Workmen's Insurance Board and State Workmen's Insurance Fund are "arms" of the state. If so, then these

agencies, as well as the individual defendants acting in their official capacities, enjoy Eleventh Amendment immunity and the Court must grant summary judgment for Defendants on these claims.

In this circuit, a court must consider three factors when analyzing whether a state agency is an arm or alter ego of the state for Eleventh Amendment purposes: (1) whether payment of the judgement would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy the agency enjoys. *Christy v. Pennsylvania Turnpike Comm'n*, 54 F.3d 1140, 1144–45 (3d Cir.1995). The Court must consider these three factors in their totality. *Id.* at 1150.

### 1. Funding

Applying *Christy's* funding factor to the facts of this case, the Court finds that Pennsylvania would ultimately bear responsibility for a judgment against SWIF and SWIB. Both SWIF and SWIB are statutorily created agencies. The Commonwealth established SWIF in 1915 as part of its workmen's compensation system, which requires employers to insure or self-insure their worker's compensation liability. 77 P.S. § 221 (Purdon's 1992). Employers may seek coverage from SWIF if they are unable to self-insure or to obtain coverage from a commercial carrier. The state created SWIB at the same time in order to administer the fund. 77 P.S. §§ 211, 221 (Purdon's 1992).

Although SWIF's revenues come from its subscribers rather than the Commonwealth's appropriations process, all premiums are paid to the State Treasurer, who serves as custodian of the fund. 77 P.S. §§ 223, 342 (Purdon's 1992). The Treasurer also distributes all payments from the fund upon requisition of the Secretary of Labor and Industry. 77 P.S. §§ 223, 365 (Purdon's 1992). Thus, two state officials are responsible for all payments from the fund. Moreover, although the legislature intended for SWIF to be self-sustaining without liability on the part of the state, 77 P.S. § 221, the legislature has in the past commingled SWIF and other state funds. *See* Exhibit M, Defendant's Motion for Summary Judgment. The Common-

wealth would also likely bear ultimate responsibility for a judgment against SWIF in the event the fund became underfunded.

A judgment against SWIB, an agency within the state Department of Labor and Industry and headed by three high state officials, would also be borne by the Commonwealth. The Workmen's Compensation Act states:

> The officers and employes [sic] of the State Workmen's Insurance Board ... shall be deemed and held to be, for all purposes whatsoever, officers and employes of the Commonwealth of Pennsylvania, and shall be entitled to and have and exercise all the rights, powers, and privileges, and be subject to all the duties, restrictions, and penalties, of other officers and employes of the Commonwealth.

77 P.S. § 381 (Purdon's 1992). Thus, SWIB's officers and employees enjoy the same privileges as the Commonwealth's other officers and employees.

Having considered *Christy's* funding factor, the Court finds that the Commonwealth exercises considerable control over SWIF and SWIB and would be responsible for a judgment against these two state agencies. Thus, *Christy's* funding factor weighs in support of the conclusion that SWIF and SWIB are arms of the state and enjoy Eleventh Amendment immunity.

### 2. Status under state law

Turning to *Christy's* "status under state law" factor, the Court finds that SWIF and SWIB are arms of the state entitled to Eleventh Amendment immunity. The Commonwealth's judiciary, legislative, and executive branches have all ruled that SWIF and SWIB are state agencies.

The Commonwealth Court has held that SWIF "is an administrative department or agency of the Commonwealth for purposes of sovereign immunity." *State Workmen's Ins. Fund v. Caparo Real Estate, Inc.*, 160 Pa. Cmwlth. 581, 635 A.2d 705, 707 (1993) (citing *DeVeaux by DeVeaux v. Palmer*, 125 Pa. Cmwlth. 631, 558 A.2d 166 (1989); *Nagle v. Pennsylvania Ins. Dep't*, 46 Pa.Cmwlth. 621, 406 A.2d 1229 (1979), *aff'd in part, rev'd in*

*part,* 499 Pa. 139, 452 A.2d 230 (1982)). *See also Commonwealth v. Dauphin County,* 354 Pa. 556, 47 A.2d 807 (1946); *SWIF v. Pittsburgh Terminal Coal Corp.,* 332 Pa. 201, 2 A.2d 704 (1938).

Pennsylvania's federal courts have also ruled that SWIF is a state agency. *See Golson–El v. Commonwealth,* No. 97–7242 (E.D.Pa. Feb. 24, 1997) (Newcomer, J.); *Toy v. State Workmen's Ins. Fund,* No. 91–4485, 1991 WL 275594 (E.D.Pa. Dec.20, 1991) (Waldman, J.); *Baksalary v. Smith,* 579 F.Supp. 218, 229–30 (E.D.Pa.1984) (Pollak, J.).

The terms the state legislature used in drafting the Workmen's Compensation Act also indicate that SWIF and SWIB are treated as state agencies under Pennsylvania law. The Act defines the term "fund" as "the State Workmen's Insurance Fund of this Commonwealth, the *State-operated* insurance carrier from which workmen's compensation insurance policies may be purchased...." 77 P.S. § 701 (Purdon's 1992) (emphasis added). The Act also deems SWIB employees and officers "for all purposes whatsoever, officers and employees of the Commonwealth of Pennsylvania." 77 P.S. § 381 (Purdon's 1992).

Finally, the Commonwealth's executive branch has recognized that SWIB and SWIF are state agencies. As heretofore mentioned, SWIB is a departmental board within the Commonwealth's Department of Labor and Industry. Moreover, in an opinion of the state Attorney General, SWIF may make determinations of the Commonwealth's liability under other state laws since it is an administrative department of the Commonwealth. *See* 1974 Op. Atty. Gen. No. 40 (Israel Packel).

Because the Commonwealth's judiciary, legislature, and executive branches have all deemed SWIF and SWIB state agencies, *Christy's* "status under state law" factor weighs heavily in support of the conclusion that SWIF and SWIB are arms of the state and enjoy Eleventh Amendment immunity.

### 3. Autonomy

*Christy's* autonomy factor also supports the conclusion that SWIF and SWIB are

arms of the state entitled to Eleventh Amendment immunity. The State Workmen's Insurance Board, which administers SWIF, is comprised of three high-level officials from the executive branch of the Commonwealth: the Secretary of Labor and Industry, the Insurance Commissioner, and the State Treasurer. 77 P.S. § 211 (Purdon's 1992). Furthermore, the State Treasurer serves as custodian of the Fund, collects all deposits, and disburses all payments. 77 P.S. § 223 (Purdon's 1992). Finally, the state's Auditor General must approve all administrative expenses incurred by the Fund. Thus, SWIF and SWIB are not autonomous from the Commonwealth but are arms of the state for Eleventh Amendment purposes.

Having considered each of the three factors articulated by the Third Circuit in *Christy,* 54 F.3d at 1144–45, the Court holds that the State Workmen's Insurance Fund and the State Workmen's Insurance Board are arms of the state entitled to Eleventh Amendment immunity from suit in federal court. Accordingly, summary judgment will be granted in favor of SWIF and SWIB, as well as in favor of the Defendant employees and officials of these agencies acting in their official capacities. *See Hafer,* 502 U.S. at 25, 112 S.Ct. at 361–62.

### B. Defendants' Individual Capacities

Although a reasonable reading of the complaint indicates that Plaintiff has failed to allege a claim against the Defendants in their individual capacities, the Court will consider such a claim since the complaint is unclear and the Court must draw all inferences in favor of the nonmoving party on summary judgment. As discussed below, however, Plaintiff has failed to establish the existence of any element necessary to prevail on his Fourteenth Amendment claim.

The Eleventh Amendment does not immunize state officials for actions taken in their individual capacities. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "When a state officer violates federal constitutional mandates, even when carrying out state policy, he is 'stripped of' his official or representative character and

is subjected in his person to the consequences of his individual conduct." *Laskaris,* 661 F.2d at 26. Furthermore, while state officials sued in their official capacities are not "persons" under Section 1983 and therefore not amenable to suit, *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), state officials sued in their individual capacities are "persons" for purposes of Section 1983. *Hafer,* 502 U.S. at 23, 112 S.Ct. at 360–61.

    ■ At the outset, the Court must reject Defendants' argument that Plaintiff's due process claim is barred by the "exclusivity" provision of the Workmen's Compensation Act. *See* 77 P.S. § 481(a) (Purdon's 1992). Under Pennsylvania law, "[t]he Workmen's Compensation Act establishes the exclusive forum for.. all disputes over coverage and the payment of [workmen's compensation] benefits, whether they arise from actions taken by the employer, the employer's insurance carrier, or the insurance carrier's employees or agents." *Alston v. St. Paul Ins. Cos.,* 531 Pa. 261, 612 A.2d 421, 424 (1992). This state law provision, however, does not limit a plaintiff's ability to seek relief for a violation of his federal rights under 42 U.S.C. § 1983. *See, e.g., Labov v. Lalley,* 809 F.2d 220, 223 (3d Cir.1987); *Hutchings v. Erie City & County Library Bd. of Directors,* 516 F.Supp. 1265, 1272 (E.D.Pa.1981).

    ■ Turning to the merits of Plaintiff's Fourteenth Amendment-claim, the Court finds that Plaintiff cannot prevail against the Defendants under either a procedural or substantive due process theory. To maintain a procedural due process claim, Plaintiff must first show that he was deprived of a liberty or property interest. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). To have a property interest in a benefit, a person must have more than a mere expectation of it; he or she must have a "legitimate claim of entitlement to it." *Id.* at 577, 92 S.Ct. at 2709.

    ■ Applicants for government benefits, as opposed to persons already receiving them, do not ordinarily hold a property interest in the receipt of such benefits. *See, e.g., Lyng v. Payne,* 476 U.S. 926, 942, 106 S.Ct. 2333, 2343, 90 L.Ed.2d 921 (1986); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Baksalary,* 579 F.Supp. at 224 (finding that a person already receiving worker's compensation benefits has a property interest in the continued receipt of such benefits). Applicants may be afforded due process protection, however, where state law limits the exercise of discretion by the state official responsible for conferring benefits, or where the applicant claims that he received inadequate protection in the denial process. *See Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Auth.,* 103 F.3d 1165, 1179 (3d Cir.1997) (citing *Midnight Sessions, Ltd. v. City of Philadelphia,* 945 F.2d 667, 679 (3d Cir.1991)); *Alessi v. Commonwealth,* 893 F.2d 1444, 1453 (3d Cir. 1990).

    ■ Even assuming Plaintiff has a protectable property interest, however, he was not denied due process of law. Plaintiff cannot show that Pennsylvania lacks a remedy for employees who feel they were wrongfully denied workmen's compensation benefits. *See Bello v. Walker,* 840 F.2d 1124, 1128 (3d Cir.1988) (citing *Rogin v. Bensalem Twp.,* 616 F.2d 680, 694 (3d Cir.1980)). The Workmen's Compensation Act clearly affords claimants extensive procedures for review by worker's compensation judges, the Workmen's Compensation Appeal Board, and the state's judiciary. *See* 77 P.S. §§ 701–871 (Purdon's 1992). Plaintiff has even invoked these procedures in connection with his claim. An administrative appeal mechanism followed by judicial review is constitutionally sufficient. *Bello,* 840 F.2d at 1128 (citing *Cohen v. City of Philadelphia,* 736 F.2d 81, 86 (3d Cir.1984)). Moreover, Defendants' delay in processing Plaintiff's claim was not so egregious as to constitute a denial of procedural due process. *See Bello,* 840 F.2d at 1128 n. 3. Accordingly, summary judgment will be granted for Defendants on Plaintiff's procedural due process claim.

    ■ Plaintiff's substantive due process claim also fails as a matter of law. The Third Circuit has recognized that "a governmental deprivation that comports with proce-

dural due process may still give rise to a substantive due process claim 'upon allegation that the government deliberately and arbitrarily abused its power.'" *Independent Enterprises*, 103 F.3d at 1179 (quoting *Midnight Sessions*, 945 F.2d at 683 (citing *Bello*, 840 F.2d at 1129–30)). In the instant case, however, Plaintiff has failed to make a sufficient showing by affidavits, depositions, answers to interrogatories, or admissions on file that Defendants denied his claim on account of arbitrary, partisan or personal reasons unrelated to the merits of his application. *See Bello*, 840 F.2d at 1129. Moreover, the Court finds that Plaintiff's initial denial of workmen's compensation benefits is not one of the fundamental property interests worthy of substantive due process protection. *See Independent Enterprises*, 103 F.3d at 1179–80. Accordingly, the Court will grant summary judgment for Defendants on Plaintiff's substantive due process claim.

## C. State Law Claim

Having granted summary judgment on Plaintiff's federal claims in Count I, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim under the Pennsylvania Workmen's Compensation Act. 28 U.S.C. § 1367(c)(3). Therefore, Count II of Plaintiff's complaint will be dismissed.

## V. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's claims against the State Workmen's Insurance Board, the State Workmen's Insurance Fund, and the individually named Defendants acting in their official capacities are barred by the Eleventh Amendment. Assuming that Plaintiff also seeks relief from the individually-named Defendants in their individual capacities, the Court further concludes that Plaintiff cannot prevail on either a procedural or substantive due process theory. Accordingly, Defendants' motion for summary judgment will be granted and judgment entered in their favor on Plaintiff's federal claims in Count I. Plain-

tiff's state law claim in Count II will be dismissed under 28 U.S.C. § 1367(c)(3).

IT IS ORDERED: