J-A25005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELITE CARE, RX, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PREMIER COMP SOLUTIONS, LLC; | : | |
| LAUNDRY OWNERS' MUTUAL | : | |
| LIABILITY INSURANCE | : | |
| ASSOCIATION; UPMC BENEFIT | : | |
| MANAGEMENT SERVICES, INC., | : | |
| D/B/A UPMC WORK PARTNERS; | : | |
| LACKAWANNA CASUALTY COMPANY; | : | |
| AND BRICK STREET MUTUAL | : | |
| INSURANCE COMPANY | : | |
| | : | |
| APPEAL OF: PREMIER COMP | : | |
| SOLUTIONS, LLC; LAUNDRY | : | |
| OWNERS' MUTUAL LIABILITY | : | |
| INSURANCE ASSOCIATION; | : | |
| LACKAWANNA CASUALTY COMPANY; | : | |
| AND BRICK STREET MUTUAL | : | |
| INSURANCE COMPANY | : | No. 1144 WDA 2020 |

Appeal from the Order Entered June 5, 2020,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  GD-19-005312.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: FEBRUARY 11, 2022**

Premier Comp Solutions, LLC; Laundry Owners' Mutual Liability
Insurance Association; Lackawanna Casualty Company; and Brick Street
Mutual Insurance Company (hereafter "Insurers") petitioned for allowance of
interlocutory appeal from the order overruling their preliminary objections to

---

[*] Retired Senior Judge assigned to the Superior Court.

Elite Care, Rx, LLC's complaint. A motions panel of this Court granted review of a single issue: whether the Pennsylvania Bureau of Workers' Compensation ("the Bureau") has subject-matter jurisdiction over this dispute. Prior to Elite Care filing this civil action, a Hearing Officer of the Bureau concluded that the Bureau **lacked** subject-matter jurisdiction. No one appealed. Thus, the Hearing Officer's decision binds the parties under the doctrine of *res judicata*, and we affirm.

When reviewing an order overruling preliminary objections challenging the trial court's subject-matter jurisdiction, our "standard of review is *de novo*, and the scope of review is plenary." ***Mazur v. Trinity Area Sch. Dist.***, 961 A.2d 96, 101 (Pa. 2008). We reverse "only when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief." ***Id.*** Also, this Court "must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." ***Id.*** Therefore, we turn to Elite Care's complaint to glean the relevant factual background of this case.

According to Elite Care, Insurers offer workers' compensation insurance to employers to cover the costs of prescription drugs for their employees when they suffer work-related injuries. The employees fill their prescriptions through Patient Direct Rx, a homedelivery pharmacy, under the direction of their healthcare providers. The healthcare providers, in turn, pay Patient

Direct Rx the fair-market value of the prescriptions. The providers then hire Elite Care to recoup the cost of the prescriptions by billing Insurers on their behalf.

Elite Care avers this is common, industry practice throughout the Nation, and, even within Pennsylvania, all insurance companies (besides Insurers) reimburse Elite Care the price of employees' prescriptions without objection. *See* Complaint at ¶¶ 18-19. Hence, Elite Care claims that Insurers are intentionally and wrongfully refusing to pay for prescriptions that the covered employees have received (and continue to receive) and for which payment is due. Elite Care contends that, when this lawsuit began, Insurers owed $548,035.28 in prescription fees and that that figure has continued to grow. *See id.* at ¶ 38.

After negotiations stalled, Insurers indicated that Elite Care's "exclusive remedy" was through an Application for Fee Review in the Bureau. *Id.* at ¶ 29. Hence, Elite Care filed an Application for Fee Review before the Bureau's Medical Fee Review Section.[1] When the Fee Review Section began ruling in favor of Elite Care, Insurers appealed those rulings "to a [Bureau] Hearing Officer and argued that the Fee Review [Section] lacked jurisdiction over this

---

[1] The Medical Fee Review Section is an administrative body that may decide only the "amount and timeliness of the payment made by an insurer." 34 Pa. Code. § 127.251. It has no authority to make legal conclusions. *See Crozer Chester Medical Center v. Bureau of Workers' Compensation, Health Care Services Review Division*, 22 A.3d 189, 196-97 (Pa. 2011).

issue of whether Elite Care was an agent of these providers." *Id.* at ¶ 32. The Hearing Officer issued opinions and orders holding that the Fee Review Section lacked subject-matter jurisdiction and advised "that Elite Care may wish to pursue other remedies, which may be available outside of the fee-review process." *Id.* at ¶ 33.

Based upon this administrative adjudication that the Bureau lacked subject-matter jurisdiction, Elite Care filed the instant civil action. Elite Care's complaint included counts for declaratory judgment, fraud, civil conspiracy, and unjust enrichment.

In response, Insurers filed various preliminary objections, one of which alleged the trial court lacked subject-matter jurisdiction over the legal issues raised in the complaint.[2] In derogation of their arguments before the Bureau's Hearing Officer, Insurers asserted the Bureau was the exclusive forum for "all disputes over coverage and the payment of workmen's compensation benefits . . . ." Insurers' Preliminary Objections at ¶ 58 (quoting *Rumph v. State Workmen's Fund*, 964 F. Supp. 180, 188 (E.D. Pa. 1997)) (punctuation omitted).

Following a hearing, the trial court entered an order overruling Insurers' preliminary objections. Regarding the question of subject-matter jurisdiction,

---

[2] UPMC Benefit Management Services Inc. filed preliminary objections but did not raise an objection to the trial court's subject-matter jurisdiction. That company did not participate in this appeal.

the court determined this case was not a workers' compensation matter, but rather a claim for damages based on allegations of conspiracy and fraud. The trial court refused to certify its order for an immediate appeal, and Insurers filed a timely Petition for Permission to Appeal.[3]

On October 30, 2020, this Court granted review of the following issue:

> Because the issues raised by the complaint . . . have, as their ultimate basis, injuries compensable under the act, must they be decided by a workers' compensation judge or a fee-review hearing officer and not by the court of common pleas?

Insurers' Brief at 7 (capitalization removed).

Insurers attack the trial court's subject-matter jurisdiction based upon the Workers' Compensation Act ("WCA").[4] They contend that the Bureau has exclusive jurisdiction over this matter, because the prescriptions at issue treat work-related injuries. Insurers argue that all counts of the complaint fall under the Bureau's jurisdiction. **See** Insurers' Brief at 24-25.

These arguments directly contravene Insurers' arguments before the Bureau's Hearing Officer when they challenged the subject-matter jurisdiction of the Bureau to decide this dispute. **See** Complaint at ¶ 32. There, the Hearing Officer issued opinions and orders adopting Insurers' original theory that the Bureau lacked jurisdiction. **See id.** at ¶ 33. In fact, the Hearing

---

[3] **See** Pennsylvania Rule of Appellate Procedure 1311(a)(1).

[4] **See** 77 P.S. §§ 1-2708.

Officer went so far as to suggest that Elite Care "pursue other remedies, which may be available outside of the fee-review process." *Id.* at ¶ 33.

Given the Insurers' opposing jurisdictional theories, we ask whether the doctrine of *res judicata* bars Insurers from asserting that the Bureau has subject-matter jurisdiction in this subsequent proceeding. We recognize that the trial court did not rely upon *res judicata* in overruling the preliminary objections. Even so, "where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Boyer v. Walker*, 714 A.2d 458, 463 n.10 (Pa. Super. 1998).

The Hearing Officer's decision that the Bureau lacked subject-matter jurisdiction became a final administrative adjudication on Bureau jurisdiction when no party filed a petition for review in the Commonwealth Court within 30 days. *See* Pennsylvania Rule of Appellate Procedure 903.

"Under the doctrine of administrative finality, if an appeal is not taken from a final administrative decision, claim preclusion prevents a collateral attack to challenge the effects of the administrative order." *Doheny v. Dep't of Transportation, Bureau of Driver Licensing*, 171 A.3d 930, 935 (Pa. Cmwlth. 2017). We agree with the Commonwealth Court that administrative adjudications have preclusive effect.

Nearly a century ago, the Supreme Court of Pennsylvania explained that the decisions of administrative agencies may serve as *res judicata* in the

courts of common pleas. The High Court opined, simply because "the Public Service Commission [is not] a court of record, that is an insufficient reason for denying the application of *res judicata*" to its decisions. ***Pittsburgh & L. E. R. Co. v. Borough of McKees Rocks***, 135 A. 227, 229 (Pa. 1926). The "quasi-judicial acts of public officers and boards, acting within their jurisdictions, have on many occasions been held to fall within the doctrine." ***Id.*** (citations omitted).

In this Commonwealth, a final adjudication "for the defendant based on lack of jurisdiction is a conclusive adjudication of questions material to [the prior tribunal's] jurisdiction which were actually decided by the judgment." 10 STANDARD PA. PRACTICE 2d § 65:118 at 522. When confronted with a similar attempt to relitigate the question of jurisdiction, this Court said, a prior, un-appealed order holding that a tribunal lacked jurisdiction was "a final resolution" of the jurisdictional question. ***Radakovich v. Weisman***, 359 A.2d 426, 430 (Pa. Super. 1976) (*en banc*). We determined that the un-appealed order must be given preclusive effect against the parties to whom it applied in all future proceedings as *res judicata*.

This Court explained, if "a valid and final personal judgment not on the merits is rendered in favor of the defendant . . . the matter actually litigated and determined in the action is *res judicata* and is binding upon the parties in a subsequent action based upon the same cause of action . . . ." ***Id.*** (some punctuation omitted) (quoting THE RESTATEMENT OF JUDGMENTS § 49). ***See also***

***Weigley v. Coffman***, 22 A. 919 (Pa. 1891) (holding that a final adjudication on an issue, not regarding the merits of the principal dispute, will estop the relitigation of the adjudicated issue.)

Here, having succeeded on their original theory before the Hearing Officer that the Bureau does not have subject-matter jurisdiction over this case, Insurers are precluded from relitigating whether the Bureau has subject-matter jurisdiction. The doctrine of *res judicata* does not allow them to make a mockery of our justice system by essentially claiming that their prior theory was incorrect and that, in fact, the Bureau should have retained jurisdiction. Insurers' jurisdictional shell game ends today.

Order affirmed. Case remanded for further proceedings.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2022